# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| VITTORIO GINZBURG | : | CIVIL ACTION |
| --- | --- | --- |
| *Plaintiff* | : | |
| | : | NO. 17-3384 |
| v. | : | |
| | : | |
| ELECTROLUX HOME PRODUCTS, INC. | : | |
| *Defendant* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.              JANUARY 19, 2018

# MEMORANDUM OPINION

**INTRODUCTION**

  Before this Court is Defendant Electrolux Home Products, Inc.'s ("Defendant"), *motion to dismiss*, [ECF 3], the complaint of Plaintiff Vittorio Ginzburg ("Plaintiff"), on the grounds that the applicable statutes of limitations have expired and for Plaintiff's failure to timely effectuate service of process. The issues raised in the motion to dismiss have been fully briefed by the parties,[1] and are now ripe for disposition. For the reasons set forth, Defendant's motion to dismiss is granted.

**BACKGROUND**

  In the complaint, Plaintiff avers that he is the owner of a condominium located at 323 S. 17th Street, Unit 2, Philadelphia, PA 19103, (Compl. ¶ 4),[2] and that Defendant, a Delaware corporation with its principal place of business in North Carolina, is a manufacturer of household

---

[1]  In ruling on Defendant's motion to dismiss, this Court has also considered Plaintiff's response in opposition, [ECF 4], and Defendant's reply. [ECF 5].

[2]  Plaintiff's state court complaint is docketed as ECF 1 at Ex. B.

appliances, including, *inter alia*, clothes dryers. (Notice of Removal ¶ 6)[3] (*see* Compl. ¶ 5). Plaintiff further avers that on February 6, 2015, a two-alarm fire originated in the kitchen of his condominium caused by a defective clothes dryer allegedly manufactured by Defendant in 2005. (Compl. ¶¶ 4-5). The fire caused extensive damage to the condominium and to Plaintiff's property. (*Id.* ¶¶ 6-7).

Exactly two years later, on February 6, 2017, Plaintiff commenced an action against Defendant by filing a *praecipe* for a writ of summons in the Philadelphia County Court of Common Pleas, docketed as February Term 2017, Case No. 0122 (the "State Court Action").[4] [ECF 3-4]. On June 30, 2017, Plaintiff's process server, Mr. Houssani ElKouhen, filed an affidavit of service in the State Court Action in which he attested to the following: that on May 5, 2017, he sent by certified mail a copy of the writ of summons to Defendant at 250 Bobby Jones Expressway, Martinez, Georgia 30907; and that the post office website confirmed delivery on May 9, 2017. [ECF 3-6].

On June 30, 2017, Plaintiff filed a complaint against Defendant in the State Court Action, which included claims of negligence, negligent failure to warn, breach of express and implied warranties, and strict product liability. Defendant removed the complaint to federal court on July

---

[3]    The Notice of Removal is docketed as ECF 1.

[4]    In support of its motion to dismiss, Defendant refers to the several documents filed in the State Court Action, specifically the *praecipe* for a writ of summons, [ECF 3-4], the State Court Action civil docket sheet, [ECF 3-5], and the affidavit of service for said writ of summons, [ECF 3-6], none of which are attached to Plaintiff's complaint.

"In deciding a motion to dismiss, a court may consider documents outside of the complaint, such as matters of public record, court orders, and documents that form the basis of the claim." *Walthour v. Miller*, 2010 WL 2572656, at *5 (E.D. Pa. June 22, 2010) (allowing consideration of a state court docket in adjudicating a motion to dismiss) (citing *Lum v. Bank of Am.*, 361 F.3d 217, 222 n.3 (3d Cir. 2004)); *see also McTernan v. City of York, Penn.*, 577 F.3d 521, 526 (3d Cir. 2009) ("In addition to the complaint itself, the court can review documents attached to the complaint and matters of public record."). Because the documents filed in the State Court Action are public record documents and are relevant to the adjudication of the pending motion to dismiss, this Court can, and did, consider them.

28, 2017, [ECF 1], and, shortly thereafter, on August 4, 2017, filed the instant motion to dismiss. In the motion to dismiss, Defendant argues that because (1) Plaintiff has failed to timely and properly serve the writ of summons on Defendant, dismissal of this action is required pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(5), [ECF 3-1 at 4-7], and (2) Plaintiff's claims are time-barred by the applicable statutes of limitations, dismissal is required pursuant to Rule 12(b)(6). (*Id.* at 9-16).

On August 29, 2017, Plaintiff filed a proof of service in the federal court action certifying that on August 18, 2017, a copy of the complaint was served onto Defendant, via certified mail, at 2715 Washington Road, Augusta, Georgia 30909. [ECF 6].

**LEGAL STANDARD**

Rule 12(b)(5) permits a court to dismiss an action for "insufficient service of process." Fed. R. Civ. P. 12(b)(5). "A defendant may 'object to the plaintiff's failure to comply with the procedural requirements for proper service of the summons and complaint' as set forth in Rule 4." *White v. Green*, 2009 WL 3209647, at *1 (E.D. Pa. Oct. 6, 2009) (quoting *Thompson v. Sears, Roebuck and Co.,* 2006 WL 573796, at * 2 (E.D. Pa. Mar. 3, 2006)). "In resolving a motion under Rule 12(b)(5), the party making the service has the burden of demonstrating its validity when an objection to service is made." *Id. (*quoting *Thompson,* 2006 WL 573796, at * 2).

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *See Fowler v. UMPC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009)). The court must determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'"

*Id*. at 211 (quoting *Iqbal*, 556 U.S. at 679). The complaint must do more than merely allege the plaintiff's entitlement to relief; it must "show such an entitlement with its facts." *Id.* (citations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)) (alterations in original). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id*. To survive a motion to dismiss under Rule 12(b)(6), "a plaintiff must allege facts sufficient to 'nudge [his] claims across the line from conceivable to plausible.'" *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).

**DISCUSSION**

As noted, Defendant's arguments for dismissal are grounded on Rule 12(b)(5) and Rule 12(b)(6). Each of these grounds for dismissal will be addressed separately.

### *Rule 12(b)(5) Argument.*

Defendant relies on Rule 12(b)(5) to argue that Plaintiff's complaint should be dismissed because the writ of summons was mailed to the wrong address, was untimely, and Plaintiff did not include a proof of service or other evidence that the writ of summons was received by Defendant as required by the Pennsylvania Rules of Civil Procedure (the "Pennsylvania Rules"). [ECF 3-1 at 6-7]. In his response, Plaintiff disagrees and argues, *inter alia*, that Defendant's Rule 12(b)(5) argument lacks merit because after this action was removed from state to federal

4

court on July 28, 2017, Plaintiff properly served Defendant on August 18, 2017, with a copy of the complaint at 2715 Washington Road, Augusta, Georgia 30909, the address Defendant contends is its correct address. [ECF 4-1 at 4-5]. Plaintiff's argument is correct.

In cases removed from state court to any federal district court, in which a defendant has either not been served or where service proves to be defective, service of process "may be completed or new process issued in the same manner as in cases originally filed in such district court." 28 U.S.C. § 1448. That is, once a case is removed, a plaintiff may perfect service within ninety days of removal. Fed. R. Civ. P. 4(m); 28 U.S.C.A. § 1448; *see also Duc Long v. MTD Prod. Inc.*, 2016 WL 9774503, at *1 (E.D. Pa. Dec. 29, 2016). Here, Plaintiff's complaint was removed from state court to federal court on July 28, 2017. Plaintiff served Defendant with a copy of the complaint on August 18, 2017, well within the ninety-day time period for service. Under this procedural posture, Defendant's Rule 12(b)(5) motion to dismiss lacks merit and is, therefore, denied.[5]

### *Rule 12(b)(6) Argument.*

Defendant moves to dismiss Plaintiff's complaint and his claims for negligence, negligent failure to warn, breach of express and implied warranties, and strict product liability pursuant to Rule 12(b)(6) as time-barred by the applicable statutes of limitation. [ECF 3-1 at 9-16]. Because each of these alleged causes of action asserted against Defendant arose in Pennsylvania, the law

---

[5]  Defendant does not argue that the service on Defendant at its 2715 Washington Road, Augusta, Georgia 30909 address after the removal to federal court was insufficient under Rule 12(b)(5). Instead , Defendant argues that this later service does not save Plaintiff's claims from the applicable statutes of limitations. [ECF 5 at 6]. This Court notes, however, that Plaintiff's service onto Defendant does not comport with Rule 4(h), which requires service on a corporation to be effectuated on an officer, manager, or agent of the corporation. *See* Fed. R. Civ. P. 4(h). Because Defendant has not moved for dismissal on this ground, and because this Court ultimately has concluded that Plaintiff's claims are time-barred, this Court will not address whether Plaintiff has failed to comply with Rule 4(h).

5

of Pennsylvania applies. *See*, *e.g.*, *Zurich Am. Ins. Co. v. Indian Harbor Ins. Co.*, 235 F. Supp. 3d 690, 695 (E.D. Pa. 2017) (applying Pennsylvania law in diversity case); *Caleb v. CRST, Inc.*, 2001 WL 438420, at *2 (E.D. Pa. Apr. 30, 2001) (applying Pennsylvania law and statute of limitations in diversity action).

Generally, under Pennsylvania law, Plaintiff's claims of negligence, negligent failure to warn, and strict product liability are subject to a two-year statute of limitations which accrues when the injury is inflicted. *See* 42 Pa. Con. Stat. Ann. § 5524(7); *Wilson v. El-Daief*, 964 A.2d 354, 361 (2009). Plaintiff's claim for breach of express and implied warranties is subject to a four-year statute of limitations, which begins to run when the tender of deliver was made. *See* 13 Pa. Con. Stat. Ann. § 2725(a), (b). This claim for breach of express and implied warranties will be discussed *infra*.

There is no dispute that on February 6, 2015, Plaintiff was aware of the fire damage caused by the allegedly defective clothes dryer. To avoid his claims of negligence, negligent failure to warn, and strict product liability being time-barred, Plaintiff was required to commence a civil action by February 6, 2017.[6] Under Pennsylvania Rules, which govern the filing of a civil action in the Pennsylvania state courts, a Plaintiff can commence a civil action by filing either a complaint or a *praecipe* for a writ of summons. Pa. R. Civ. P. 1007. On February 6, 2017, the last day to commence an action, Plaintiff filed a *praecipe* for a writ of summons. [ECF 1 at Ex. A]. The filing of a *praecipe* for a writ of summons tolls the statute of limitations, "only if the plaintiff makes a good faith attempt to serve the writ within [ninety] days of its issuance." *See Collins v. Univ. of Pennsylvania*, 35 F. App'x 352, 353 (3d Cir. 2002) (considering timeliness of

---

[6] Under Pennsylvania law, the word "year" as used in personal injury statute of limitations, consists of 366 days when a leap year occurs during period to be calculated, as it did in 2016. *LaRosa v. Cove Haven, Inc.*, 840 F. Supp. 319, 319 (M.D. Pa. 1993); *see also* 1 Pa. Stat. and Cons. Stat. Ann. § 1991 (defining "year" as a "calendar year" and not 365 days).

6

service for in-state defendant);[7] *see also Williams v. Wexford Health Sources, Inc.*, 199 F. Supp. 3d 917, 923 (E.D. Pa. 2016); *Englert v. Fazio Mech. Servs., Inc.*, 932 A.2d 122, 124 (Pa. Super. Ct. 2007). "A good faith effort, at a minimum, requires compliance with the Pennsylvania Rules of Civil Procedure." *Collins*, 35 F. App'x at 353; s*ee also Devine v. Hutt*, 863 A.2d 1160, 1167 (Pa. Super. Ct. 2004) ("The filing of a *praecipe* for a writ of summons [or a complaint] to commence an action is sufficient to toll the running of the statute of limitations, if the plaintiff makes a good faith effort to serve the writ or complaint in compliance with the other applicable rules of court.") (modifications in original).

To benefit from a tolling of the two-year statute of limitations, a plaintiff is required to make a good faith effort to timely serve a defendant in conformity with the Pennsylvania Rules; *to wit*: a party must serve the writ of summons on an out-of-state defendant within ninety days of the filing of the *praecipe* for a writ of summons, or seek reissuance or reinstatement of the writ of summons before the time to serve expires. Pa. R. Civ. P. 401(b)(1), 404. A party may serve a writ of summons on an out-of-state defendant by "any form of mail requiring a receipt signed by the defendant or his authorized agent." Pa. R. Civ. P. 403, 404(2). "Service is complete upon delivery of the mail." Pa. R. Civ. P. 403. Service by mail, however, must include "a return receipt signed by the defendant or, if the defendant has refused to accept mail service and the plaintiff thereafter has served the defendant by ordinary mail, (1) the returned letter with the notation that the defendant refused to accept delivery, and (2) an affidavit that the letter was

---

[7] Under Pennsylvania Rules, original process must be served on an in-state defendant within thirty days, *see* Pa. R. Civ. P. 401(a); an out-of-state defendant must be served with original process within ninety days. Pa. R. Civ. P. 404. In *Collins*, the Third Circuit recognized and applied the thirty-day requirement for service of process on an in-state defendant. Interpreting the Court's application, because Defendant here is an out-of-state defendant, Plaintiff was required to make a good faith attempt to serve the writ of summons within ninety days.

7

mailed by ordinary mail and was not returned within fifteen days after mailing." Pa. R. Civ. P. 405(c).

Here, the statute of limitations applicable to Plaintiff's claims for negligence, negligent failure to warn, and strict product liability expired on February 6, 2017, two years after the date of Plaintiff's fire and resulting damages. *See* 42 Pa. Con. Stat. Ann. § 5524(7); *Wilson v. El-Daief*, 964 A.2d 354, 361 (2009). On that date, February 6, 2017, Plaintiff filed a *praecipe* for a writ of summons. Thus, to benefit from the tolling of the statute of limitations, Plaintiff was required to serve the writ of summons on Defendant, an out-of-state corporation, by May 8, 2017.[8] *See Collins*, 35 F. App'x at 353; Pa. R. Civ. P. 404. Eighty-eight days after the filing of the *praecipe* for a writ of summons, May 5, 2017, Plaintiff mailed the writ of summons, *albeit,* to the wrong address,[9] where it was received on May 9, 2017, a day after the writ of summons expired or ninety-one days after the *praecipe* for a writ of summons was filed. *See* Pa. R. Civ. P. 401(b)(1), 403; [ECF 3-6].

In addition to being untimely and mailed to an incorrect address, this one unsuccessful attempt at service failed to include a return receipt signed by Defendant, as is required by Pennsylvania Rule 405. In summary, Plaintiff made a single attempt at service by mailing the

---

[8] The ninetieth day fell on Sunday, May 7, 2017, and is, thus, excluded. *See* Pa. R. Civ. P. 106(b).

[9] Plaintiff mailed the writ of summons to Defendant at 250 Bobby Jones Expressway, Martinez, GA 30907. [ECF 3-6]. Plaintiff contends that he obtained this address from Bloomberg, a privately held financial software, data, and media company, which still lists the 250 Bobby Jones Expressway address as Defendant's address. [ECF 4-1 at 1]. A review of the Bloomberg website cited in Plaintiff's response, however, shows Defendant's address as 250 Bobby Jones Expressway, ***Augusta***, Georgia 30907, not ***Martinez***, Georgia. [ECF 4-2 at 5]. Plaintiff does not offer any explanation for why he mailed the writ of summons to the address in Martinez, Georgia, instead of Augusta, Georgia, but instead attempts to obfuscate the facts by simply referring to the address as 250 Bobby Jones Expressway, ignoring the precise city and/or town where he mailed the writ of summons. Moreover, Defendant contends that in September 2011, it vacated its 250 Bobby Jones Expressway, Augusta, Georgia location and moved to 2715 Washington Road, Augusta, Georgia 30909. [ECF 3-1 at 6]. Even assuming that Plaintiff's reliance on Bloomberg, with its out-of-date information, was appropriate, Plaintiff failed to send the writ of summons to the correct address.

writ of summons to a wrong address and without a return receipt, as required by Pennsylvania Rule 405, and which arrived after the writ of summons expired, and thus not within the ninety-day service period required by Pennsylvania Rule 404. This undisputed chronology of events does not constitute proper service or even a good faith attempt to serve the writ of summons onto Defendant. *See, e.g., Witherspoon v. City of Philadelphia*, 768 A.2d 1079, 1083 (Pa. 2001) (holding that statute of limitations was not tolled where the plaintiff made a single, unsuccessful attempt to serve a writ of summons before it expired); *see also Williams*, 199 F. Supp. 3d at 925-26 (holding that a single, unsuccessful attempt to serve was insufficient to toll statute of limitations where the plaintiff did not attempt to confirm that service was effectuated and received no indication prior to the expiration of time to serve that the defendant had actually received original process).[10]

Plaintiff argues that despite his failure to comply with Pennsylvania Rules, his one attempt at service constitutes a good faith attempt of service because Defendant was not prejudiced by the failed service, as evidenced by Defendant's counsel's attendance at a case

---

[10] This Court notes that Plaintiff's single attempt at service also did not comply with Pennsylvania Rule 424, which requires that "[s]ervice of original process upon a corporation or similar entity" be made by serving a copy of the writ on "(1) an executive officer, partner or trustee of the corporation or similar entity, or (2) the manager, clerk or other person for the time being in charge of any regular place of business or activity of the corporation or similar entity, or (3) an agent authorized by the corporation or similar entity in writing to receive service of process for it." Pa. R. Civ. P. 424; *see also McCaffrey v. Windsor at Windermere Ltd. P'ship*, 2017 WL 5483773, at *6 (E.D. Pa. Nov. 15, 2017) (applying Pennsylvania Rule 424 to an out-of-state corporate defendant). While Defendant notes that a basic search of the Pennsylvania and/or Georgia secretary of state website reveals Defendant's registered agent in both states as CT Corporation System, and identifies several of Defendant's officers with addresses at 10200 David Taylor Drive, Charlotte, North Carolina 28262, [ECF 3-1 at 15, ECF 3-9, ECF 3-10], Defendant does not specifically argue that Plaintiff's failure to comply with Pennsylvania Rule 424 constitutes a separate example of Plaintiff's failure to comply with Pennsylvania Rules. Because Defendant has not moved for dismissal on this ground, and because this Court concludes that Plaintiff's other failures to comply with Pennsylvania Rules shows that Plaintiff did not make a good faith attempt as service, this Court will not consider Plaintiff's additional failure to comply with Pennsylvania Rule 424.

management conference in the State Court Action on June 17, 2017.[11] [ECF 4-1 at 3-4]. However, Plaintiff misstates the law regarding good faith attempts at service. Where a plaintiff has failed to serve a writ of summons or complaint in compliance with Pennsylvania Rules, a court will only excuse such failure if the defendant (1) received actual notice of the civil action before the writ of summons expired and (2) was not prejudiced by the plaintiff's failure to comply with Pennsylvania Rules. *See, e.g.*, *McCreesh v. City of Philadelphia*, 888 A.2d 664, 674 (Pa. 2005) (concluding that non-compliance with the Pennsylvania Rules of Civil Procedure where a defendant has actual notice of the civil action warrants dismissal only where "where plaintiffs have demonstrated an intent to stall the judicial machinery or where plaintiffs' failure to comply with the Rules of Civil Procedure has prejudiced defendant"); *see also Nicolas v. Zolner*, 2017 WL 3484294, at *5 (Pa. Super. Ct. Aug. 15, 2017); *Melendez v. Good Samaritan Hosp. of Lebanon*, 2017 WL 1907945, at *3 (Pa. Super. Ct. May 8, 2017); *Johnson v. Austin*, 2017 WL 1400966, at *3 (Pa. Super. Ct. Apr. 19, 2017). Here, Plaintiff only argues that Defendant was not prejudiced by Plaintiff's failure to comply with the Pennsylvania Rules, and does not address, or provide any proof, that Defendant received actual notice of the State Court Action prior to the expiration of the writ of summons on May 8, 2017. Even if this Court were to accept Plaintiff's unsubstantiated date of June 17, 2017, as the date of notice, Plaintiff has still failed to establish that Defendant received notice of the pending action prior to the expiration of the writ of summons. As a result, this Court need not consider whether Defendant has been prejudiced by the delay. Since the record clearly establishes that Plaintiff failed to serve the writ of summons onto Defendant at its correct address, in a timely manner, and in compliance with

---

[11] Notably, a review of the civil docket in the State Court Action does not reveal a case management conference occurring on June 17, 2017. [ECF 3-5]. Instead, it shows that one was held on July 5, 2017. (*Id.*). Given that even Plaintiff's preferred date of June 17, 2017, is over a month after the writ of summons expired, this Court need not address this inconsistency.

the Pennsylvania Rules for service by mail, and does not provide any proof that Defendant had actual notice of the pending State Court Action prior to the expiration of the writ of summons, this Court finds the two-year statute of limitations for Plaintiff's claims for negligence, negligent failure to warn, and strict product liability were not tolled by the filing of the *praecipe* for a writ of summons. Consequently, these claims are time-barred, and Defendant's motion to dismiss these claims is granted.

As to Plaintiff's remaining claim for breach of express and implied warranties, as noted, this claim is subject to a four-year statute of limitations, which commences "when tender of delivery [was] made." *See* 13 Pa. Con. Stat. Ann. § 2725(a), (b); *see also McCracken v. Ford Motor Co.*, 588 F. Supp. 2d 635, 642 (E.D. Pa. 2008); *Nationwide Ins. Co. v. Gen. Motors Corp./Chevrolet Motor Div.*, 625 A.2d 1172, 1174 (Pa. 1993) ("[A] breach of warranty action accrues on, and suit must be filed within four years of, the date the seller tenders delivery of the goods, even if the breach is not apparent until after delivery has been tendered."). Thus, the statute of limitations for these claims did not begin to run on February 6, 2015, the date of the injury, but instead commenced when the clothes dryer was delivered to Plaintiff.

In light of this Court's determination that the untimely and improperly served writ of summons did not toll the statute of limitations, the operative date to consider for statute of limitations purposes is June 30, 2017, the date Plaintiff filed his complaint in the State Court Action. Accordingly, Plaintiff's breach of warranties claim would be time-barred if the clothes dryer at issue was delivered to Plaintiff before June 30, 2013. Plaintiff does not allege when the clothes dryer was delivered; instead, he alleges only that it was manufactured in 2005.[12] (Compl. ¶ 5). Federal Rule 9(f) provides that an "allegation of time or place is material when

---

[12] Defendant also does not state when the clothes dryer at issue was delivered, instead stating that it was manufactured in 2002. [ECF 3-1 at 9].

testing the sufficiency of a pleading." Fed. R. Civ. P. 9(f). Likewise, Pennsylvania Rule 1019(f) requires that complaints specifically state "[a]verments of time, place and items of special damage." Pa. R. Civ. P. 1019(f). These provisions have been interpreted to mean that a plaintiff asserting a breach of warranty claim must assert the date of the tender of delivery. *Gen. State Auth. v. Sutter Corp.*, 403 A.2d 1022, 1028 (Pa. Commw. Ct. 1979); *see also Gen. State Auth. v. Lawrie & Green*, 356 A.2d 851, 855 (Pa. Commw. Ct. 1976) (requiring complaint to plead dates relevant to statute of limitations defense).

Plaintiff only alleges that the clothes dryer was manufactured in 2005, eight years before the latest delivery date for this civil action to have been timely commenced, or June 30, 2013. This allegation strongly suggests that the clothes dryer was delivered to Plaintiff prior to June 30, 2013, though Plaintiff did not specifically plead the date of delivery of the clothes dryer. Since Plaintiff has not pled sufficient facts to support this breach of warranties claim, Defendant's motion to dismiss the breach of warranties claim as barred by the statute of limitations is granted, without prejudice. Plaintiff is given leave to file an amended complaint to support, if possible, the timeliness of this claim.

**CONCLUSION**

For the reasons stated herein, Defendant's motion to dismiss is granted. Accordingly, Plaintiff's claims for negligence, negligent failure to warn, and strict product liability are dismissed, with prejudice, and Plaintiff's claim for breach of express and implied warranties is dismissed, without prejudice, and with leave to amend, if appropriate.

An Order consistent with this Memorandum Opinion follows.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.